The Vice-Chancellor.
The bill states numerous facts as constituting violations of the charter of this company, or of statutes binding upon it, which it is claimed, entitle the complainant to proceed in this court for the appointment of a receiver and a dissolution of the corporation. Both the facts and the law of this part of the case were very fully and ably discussed ; but it will be unnecessary for me to examine either, until I have ascertained that the complainant is in a position to require their adjudication at this time.
To sustain his application, it must appear that he is a creditor, or a stockholder of the corporation.
1. Is he a creditor 1
He gave his premium note to the company for $5000, pursuant to the provision in the amended act of incorporation. The company has made up its annual statement, and has declared a dividend, (as it is called,) of the premiums earned during the preceding year, to and among its members. But the trustees have not made any compensation to the complainant upon his premium note, which the company then held, and still holds.
It is contended, that the trustees were bound to fix the rate of compensation to the complainant, upon making up the annual statement; that the fact of their making a division of the un *580 earned premiums, is conclusive that a compensation ought to have been allowed and paid; the rate of the dividend shows?, that the whole five per cent, ought to have been allowed to the makers of the premium notes; and therefore the complainant is a creditor of the company, for five per cent on his note, equal to $250.
It may be true, that the complainant is entitled to some compensation, and that on the neglect or refusal of the trustees to act, he may, by a suit in this court, obtain a decree directing them to determine its rate, or referring it to a master to ascertain the rate in their behalf. I do not consider it incumbent on me to decide that question in this stage of the cause.
But after mature reflection, I am perfectly satisfied that the complainant is not such a creditor of the corporation as was intended by the fortieth section of the statute relative to proceedings in equity against corporations. (2 R. S. 464.)
The dividend from the earned premiums furnishes no reliable evidence that the company is in a condition to make the com1 pensation claimed. The dividend is no more than a certificate that the company has earned a certain amount beyond its expenses and losses ; which amount is to remain in its possession as a fund liable for future losses. It is precisely thefund, which a prudently managed insurance company keeps, for the liquidation of losses, as they from time to time occur. (See De Peyster v. The American Insurance Company, 6 Paige, 486.)
Again, if the court were induced to believe that a case for some compensation had arisen ; there is certainly no proof that the amount of the compensation justly due will exceed $100 ; and there is besides, the furtherand difficult question, whetherthe discretion vested in the trustees can be controlled by this court) unless upon proof that their action or their refusal to act, is mala fide, which cannot be averred on the bill and answer before me.
' It would be an unwise and improvident exercise of the vast power conferred upon courts of equity by the statute before cited, to suspend the business of an insurance company in full operation, upon the claim presented in this bill: A claim which *581 may ripen into a debt, but which in its present state can scarce ly warrant me in treating its holder as a creditor.
2. Is the complainant a stockholder of the corporation in question!?
This point was argued in his favor, with great ingenuity, but without success. The corporation has no capital stock. The circumstance that the officers of the company have denominated the premium notes, as “ guaranty capital,” does not alter the fact that there is no capital stock in the ordinary sense of the term. The nearest representative of capital, is the interest acquired by insuring in the company. Those who insure, are members of the corporation, entitled to vote at its elections, to be credited with their rateable shares of the surplus premiums earned, and to receive a similar share of the profits derived from investments. Those who give premium notes, do not participate in any of these privileges. They may become creditors of the corporation for the compensation on their notes whenever the trustees award a compensation ; and they may also become debtors to the corporation, when its misfortunes compel a resort to their notes to liquidate claims for losses on its policies. But they do not, as such makers of the notes, have any voice in the control of the institution or any participation in its profits as such.
Without pursuing the contrast, it i s sufficient to say that it is clear they are not stockholders of the corporation.
Thus the complainant has failed to establish his standing under the statute, either as a creditor or a stockholder ; and his motion for an injunction and receiver must be denied. The defendant’s costs of opposing the motion, are to be costs in the cause.(a)

 Since this decision, the subject of these premium notes, and the liabilities of the makers to pay them, has been very much litigated; and the law relating to them fully settled in the New York Superior Court. See Brouwer v. Appleby, 1 Sandford’s R. (Superior Court,) 158, and note to same, page 173 ; the several cases next succeeding in the same book; and Brouwer v. Hill, 1 ibid. 629, and the charge of the judge at page 640, and at page 644. The decision of the superior court, in Brouwer v. Appleby, was affirmed by the court of appeals.